**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION (London)**
**CASE NO.: 6:26-cv-00130-CHB-HAI**

| | |
|---|---|
| **THE ESTATE OF TODD ST. JOHN, ex rel. Personal Representative, MACKENZIE EADS** | **PLAINTIFF** |
| **v.** | |
| **KNOX COUNTY, KNOX County Sheriff's Department Officer In his individual capacity, JOHN MICHAEL "MIKEY" ASHURST, Knox County Sheriff MIKE SMITH, in his individual capacity** | **DEFENDANT** |

_____

**SEPARATE ANSWER**
**(Defendant John Michael "Mikey" Ashurst)**
_____

Comes now Defendant **John Michael "Mikey" Ashurst**, as a Knox County Deputy Sheriff being sued in his individual capacity (hereinafter also referred to as the "**Defendant**"), and by and through his counsel, asserts the following grounds for dismissal, averments and denials as well as affirmative defenses as his separate answer to the complaint [Doc # 1] filed by the **Estate of Todd St. John** ex rel. Personal Representative, **Mackenzie Eads** (hereinafter also referred to collectively as the "**Estate**"):

## FIRST DEFENSE

The Estate's complaint fails to state a legally cognizable claim against this Defendant as to the following causes of action:

- Any and all claims for alleged violation of the Fourth Amendment and any other amendments or rights endowed by the United States Constitution.

1

- Any and all claims for alleged violations of 42 U.S.C. § 1983 or any other federal statute.

- Any and all claims for alleged violations of rights endowed by the Kentucky Constitution.

- Any and all claims for alleged violations of Kentucky statute or other causes of action recognized at common law.

- Any and all claims for assault and battery as well as any other intentional tort or alleged criminal acts.

- Any and all claims based upon allegations of negligence, negligence *per se,* gross negligence or other similar torts.

- Any and all claims based upon alleged wrongful death or violations of KRS 411.140.

- Any and all claims based upon allegations of objectively unreasonable conduct or deliberate indifference.

- Any and all claims based upon any alleged failure to assist.

- Any and all claims based upon alleged violations of duties carried out by this Defendant in his official capacity.

- Any and all claims based upon allegations of intent to harm, malice, deliberate indifference or any wanton misconduct which would be grounds or an award of punitive damages or other exemplary.

- Any and all claims for special and compensatory damages including, but not limited to past medical expenses, funeral and other internment expenses, destruction of earning capacity as well as pain and suffering.

- Any and all claims for loss of consortium, loss of parental consortium or other derivative claims.

- Any and all claims for attorney fees, billable costs and legal expenses.

## SECOND DEFENSE

The Estate's complaint, as well as any and all other claims that might be asserted against Defendant Ashurst while acting in his official or ministerial capacity are barred by the doctrines of sovereign immunity and all other absolute immunities.

## THIRD DEFENSE

The Estate's complaint, as well as any and all claims that might be asserted against Defendant Ashurst while acting in his individual capacity, are barred by the doctrine of qualified immunity as well as all other immunities based upon the exercise of his discretionary authority.

## FOURTH DEFENSE

The Estate's complaint as well as all other claims that might be asserted against Defendant Ashurst based upon excessive force are barred by KRS § 503.010 *et seq*. as well as all other statutes and case law recognizing the privilege of law enforcement officers.

## FIFTH DEFENSE

The Estate's complaint, as well as all other claims that might be asserted against Defendant Ashurst based upon alleged use of excessive force are barred by the doctrine of self-defense as well as KRS § 503.050 and all other statutes or common law recognizing justification as a defense.

## SIXTH DEFENSE

The Estate's claims for special damages including, but not limited to medical expenses, funeral and internment expenses, survivor's loss, survivor's replacement loss as well as other claims for basic and/or added reparation benefits are barred by the Kentucky Motor Vehicle Reparations Act, KRS 304.039-010 *et seq.*

## SEVENTH DEFENSE

The Estate's complaint fails to state a legally cognizable claim against Defendant Ashurst upon which any and all claims for punitive damages, or other exemplary relief may be granted. Furthermore, The Estates' claims for punitive damages cannot be sustained for the following reasons:

• An award of punitive damages cannot be sustained under KRS §§ 411.184-188.

• An award of punitive damages cannot be sustained without violating the statutory and constitutional rights of this Defendant to a separate trial as to these issues.

• An award of punitive damages cannot be sustained where there is no predetermined limit for the amounts that can be awarded.

• An award of punitive damages cannot be sustained by a jury that has not been instructed as to the limits of punitive damages to be imposed.

• An award of punitive damages cannot be sustained where this Defendant does have the same protection provided to criminal defendants including those rights to face adverse witnesses, the right against double jeopardy, and the right against self-incrimination.

• An award of punitive damages should be expressly prohibited in whole or in part due to possible, invidious discrimination against state and county correctional officers

4

- An award of punitive damages cannot be sustained where the standard for determining liability is arbitrary, vague or cannot be defined with clarity.

- An award of punitive damages cannot be sustained where such an award is not based on clear and convincing evidence.

- Any award of punitive damages would violate this Defendant's due process and equal protection rights under the Fourteenth Amendment to the United States Constitution or Sections 2, 4, and 15 of the Kentucky Constitution.

## EIGHTH DEFENSE

The Estate may have failed to join parties who are subject to service of process and in whose absence, complete relief cannot be afforded those already a party. The Estate may have also failed to join parties who have an interest in this matter and are so situated that the disposition of these claims would act, as a practical matter, to impair or impede those interests or would create a substantial risk of imposing double, multiple or otherwise inconsistent obligations upon this Defendant.

## NINTH DEFENSE

Without waiving the foregoing grounds for dismissal but insisting upon same, this Defendant denies generally all allegations of liability and claims for damages asserted in the Estate's complaint.

With regard to paragraph 1, this Defendant denies all allegations made therein.

With regard to paragraph 2, this Defendant denies all allegations made therein.

With regard to paragraph 3, this Defendant objects to the relevancy of this allegation. Without waiving this objection, this Defendant was both justified and was

5

found to be in accordance with Kentucky statute and common law as well as those rights and privileges provided by the United States Constitution.

With regard to paragraph 4, this Defendant denies all allegations made therein.

With regard to paragraph 5, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5), such are deemed denied.

With regard to paragraph 6, this Defendant objects to the relevance of the allegations made. Without waiving this objection, Defendant denies all allegations made therein.

With regard to paragraph 7, this Defendant denies all allegations made therein.

With regard to paragraph 8, this Defendant admits only that he was hired by Sheriff Smith and was at all times relevant acting within the course and scope of his employment as a Knox County Deputy Sheriff. He denies all other allegations made in this paragraph.

With regard to paragraph 9, this Defendant denies all allegations made therein.

With regard to paragraph 10, this Defendant denies all allegations made therein.

With regard to paragraph 11, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5) such are deemed denied. Defendant denies any implications that the claimed loss was attributable to his acts.

With regard to paragraph 12, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5), such are deemed denied.

With regard to paragraph 13, this Defendant denies all allegations made therein.

With regard to paragraph 14, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5), such are deemed denied. Defendant denies any implications that their loss of parental consortium or was attributable to his acts.

With regard to paragraph 15, this Defendant denies all allegations made therein.

With regard to paragraph 16, this Defendant admits, without waiving his previously asserted grounds for dismissal, that the Court would have jurisdiction over the subject matter based upon the disputed allegations made in the Estate's complaint.

With regard to paragraph 17, this Defendant admits, without waiving his previously asserted grounds for dismissal, that the Court would have jurisdiction over the subject matter based upon the disputed allegations made in the Estate's complaint.

With regard to paragraph 18, this Defendant admits, without waiving his previously asserted grounds for dismissal, that the Court would be a proper venue based solely upon the disputed allegations made in the Estate's complaint.

With regard to paragraph 19, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5) such are deemed denied.

With regard to paragraph 20, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5), such are deemed denied.

With regard to paragraph 21, this Defendant admits that at all times relevant he was a Deputy Sheriff performing his duties within the course and scope of his employment with the Knox County Sheriff's Department.

With regard to paragraph 22, this Defendant admits that Defendant Smith is the Sheriff of Knox County and made the decision to hire him as a deputy. He denies all other allegations or implications made therein.

With regard to paragraph 23, this Defendant admits the allegations made therein to the extent that Knox County is a local governmental authority. He is without knowledge or information sufficient to form a belief as to the remaining allegations and pursuant to the Fed. R. Civ. P. 8 (b) (5) such are deemed denied.

With regard to paragraph 24, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5) such are deemed denied.

With regard to paragraph 25, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5), such are deemed denied.

With regard to paragraph 26, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5), such are deemed denied.

With regard to paragraph 27, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5), such are deemed denied.

With regard to paragraph 28, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5), such are deemed denied.

With regard to paragraph 29, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5), such are deemed denied.

With regard to paragraph 30, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5), such are deemed denied.

With regard to paragraph 31, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5), such are deemed denied.

With regard to paragraph 32, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5), such are deemed denied.

With regard to paragraph 33, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5), such are deemed denied.

With regard to paragraph 34, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5), such are deemed denied.

With regard to paragraph 35, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5), such are deemed denied.

With regard to paragraph 36, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5), such are deemed denied.

With regard to paragraph 37, this Defendant admits that he was on duty at all times relevant to this action and did drive a Dodge Charger police cruiser.

With regard to paragraph 38, this Defendant states that at the time he decided to initiate the traffic stop he had probable cause to believe that the driver was under the influence of drugs and/or alcohol and was a danger to the public. He denies all other allegations or implications made therein.

With regard to paragraph 39, this Defendant admits familiarity with the side-by-side recreational vehicles. He denies all other allegations or implications made therein.

With regard to paragraph 40, this Defendant admits that the UTV is not safe to be operated on a public highway. He is without knowledge or information sufficient to form a belief as to the truth of the other allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5) such are deemed denied.

With regard to paragraph 41, this Defendant admits that his cruiser was equipped with a bumper approved by the Knox County Sheriff's Department. He denies all other allegations or implications made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5) such are deemed denied. He specifically denies any attempt to "pit maneuver the UTV".

With regard to paragraph 42, this Defendant admits that an open air vehicle with a high center of gravity should not be operated on a public highway. He is without knowledge or information sufficient to form a belief as to the truth of the other allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5) such are deemed denied.

With regard to paragraph 43, this Defendant denies all allegations made therein.

With regard to paragraph 44, this Defendant denies all allegations made therein.

With regard to paragraph 45, this Defendant denies all allegations made therein.

With regard to paragraph 46, this Defendant denies all allegations made therein.

With regard to paragraph 47, this Defendant denies all allegations made therein.

With regard to paragraph 48, this Defendant denies all allegations made therein.

With regard to paragraph 49, this Defendant denies all allegations made therein.

With regard to paragraph 50, this Defendant admits that he was not injured in the accident. He denies all other allegations or implications made therein.

With regard to paragraph 51, this Defendant denies all allegations made therein.

With regard to paragraph 52, this Defendant denies all allegations made therein.

With regard to paragraph 53, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5), such are deemed denied.

With regard to paragraph 54, this Defendant denies all allegations made therein.

With regard to paragraph 55, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5), such are deemed denied.

With regard to paragraph 56, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5), such are deemed denied.

With regard to paragraph 57, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5), such are deemed denied.

With regard to paragraph 58, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5) such are deemed denied.

With regard to paragraph 59, this Defendant admits the identity of the vehicles. He is without knowledge or information sufficient to form a belief as to the truth of all other allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5) such are deemed denied.

With regard to paragraph 60, this Defendant cannot discern the features of his vehicle in the photograph. He is without knowledge or information sufficient to form a belief as to the truth of all other allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5) such are deemed denied.

With regard to paragraph 61, this Defendant denies all allegations made therein.

With regard to paragraph 62, Defendant objects to the relevance of such allegations. Without waiving this objection, this Defendant denies all allegations made therein.

With regard to paragraph 63, Defendant objects to the relevance of such allegations. Without waiving this objection, this Defendant denies all allegations made therein.

With regard to paragraph 64, Defendant objects to the relevance of such allegations. Without waiving this objection, this Defendant denies all allegations made therein.

With regard to paragraph 65, Defendant objects to the relevance of such allegations. Without waiving this objection, this Defendant denies all allegations made therein.

With regard to paragraph 66, Defendant objects to the relevance of such allegations. Without waiving this objection, this Defendant denies all allegations made therein.

With regard to paragraph 67, Defendant objects to the relevance of such allegations. Without waiving this objection, this Defendant denies all allegations made therein.

With regard to paragraph 68, Defendant objects to the relevance of such allegations. Without waiving this objection, this Defendant denies all allegations made therein.

With regard to paragraph 69, Defendant objects to the relevance of such allegations. Without waiving this objection, this Defendant denies all allegations made therein.

With regard to paragraph 70, Defendant objects to the relevance of such allegations. Without waiving this objection, this Defendant admits the filing of a civil lawsuit, but denies all other allegations made therein.

With regard to paragraph 71, Defendant objects to the relevance of such allegations. Without waiving this objection, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5) such are deemed denied.

With regard to paragraph 72, Defendant objects to the relevance of such allegations. Without waiving this objection, this Defendant admits that Defendant Smith was Knox County Sheriff at that time, but denies all other allegations or implications made therein.

With regard to paragraph 73, Defendant objects to the relevance of such allegations. Without waiving this objection, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5) such are deemed denied.

With regard to paragraph 74, Defendant objects to the relevance of such allegations and denies the accuracy of the aspersions made. Without waiving this objection, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5) such are deemed denied.

With regard to paragraph 75, Defendant objects to the relevance of such allegations and denies the accuracy of the aspersions made. Without waiving this objection, this Defendant is without knowledge or information sufficient to form a belief

as to the truth of the allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5) such are deemed denied.

With regard to paragraph 76, Defendant objects to the relevance of such allegations and denies the accuracy of the aspersions made. Without waiving this objection, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5) such are deemed denied.

With regard to paragraph 77, Defendant objects to the relevance of such allegations and denies the accuracy of the aspersions made. Without waiving this objection, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5) such are deemed denied.

With regard to paragraph 78, Defendant objects to the relevance of such allegations and denies the accuracy of the aspersions made. Without waiving this objection, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5) such are deemed denied.

With regard to paragraph 79, Defendant objects to the relevance of such allegations and denies the accuracy of the aspersions made. Without waiving this objection, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5) such are deemed denied.

15

With regard to paragraph 80, Defendant objects to the relevance of such allegations and denies the accuracy of the aspersions made. Without waiving this objection, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5) such are deemed denied.

With regard to paragraph 81, Defendant objects to the relevance of such allegations and denies the accuracy of the aspersions made. Without waiving this objection, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5) such are deemed denied.

With regard to paragraph 82, Defendant objects to the relevance of such allegations and denies the accuracy of all aspersions made. Without waiving this objection, this Defendant denies all allegations made therein.

With regard to paragraph 83, Defendant objects to the relevance of such allegations. Without waiving this objection, this Defendant admits only that he posted a picture of a UTV he built. He denies all other allegations or implications made therein.

With regard to paragraph 84, Defendant objects to the relevance of such allegations. Without waiving this objection, this Defendant denies all allegations made therein.

With regard to paragraph 85, Defendant objects to the relevance of such allegations. Without waiving this objection, this Defendant denies all allegations made therein.

With regard to paragraph 86, this Defendant denies all allegations made therein.

16

With regard to paragraph 87, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5) such are deemed denied.

With regard to paragraph 88, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5) such are deemed denied.

With regard to paragraph 89, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5) such are deemed denied.

With regard to paragraph 90, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5) such are deemed denied.

With regard to paragraph 91, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5) such are deemed denied.

With regard to paragraph 92, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5) such are deemed denied.

With regard to paragraph 93, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5) such are deemed denied.

With regard to paragraph 94, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5) such are deemed denied.

With regard to paragraph 95 and Count I of the complaint, this Defendant adopts by reference, as if incorporated verbatim, all grounds for dismissal, averments and denials as well as affirmative defenses set out herein.

With regard to paragraph 96, this Defendant denies all allegations made therein.

With regard to paragraph 97, this Defendant denies all allegations made therein.

With regard to paragraph 98, this Defendant denies all allegations made therein.

With regard to paragraph 99, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5) such are deemed denied.

With regard to paragraph 100 and Count II of the complaint, this Defendant adopts by reference as if incorporated verbatim all grounds for dismissal, averments and denials as well as affirmative defenses set out herein.

With regard to paragraph 101, this Defendant denies all allegations made therein.

With regard to paragraph 102 including all sub paragraphs, this Defendant denies all allegations made therein.

With regard to paragraph 103, this Defendant denies all allegations made therein.

With regard to paragraph 104, this Defendant denies all allegations made therein.

18

With regard to paragraph 105, this Defendant denies all allegations made therein.

With regard to paragraph 106, this Defendant denies all allegations made therein.

With regard to paragraph 107, this Defendant denies all allegations made therein.

With regard to paragraph 108, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5) such are deemed denied.

With regard to paragraph 109 and Count III of the complaint, This Defendant adopts by reference as if incorporated verbatim all grounds for dismissal, averments, and denials as well as affirmative defenses set out herein.

With regard to paragraph 110, this Defendant admits only that he was at all times relevant acting within the scope of his duty as a deputy sheriff with the Knox County Sheriff's Department. All other allegations or implications are denied.

With regard to paragraph 111, this Defendant admits that he was properly trained and supervised and performed his duties pursuant to the policies of the Knox County Sheriff's Department at all times relevant. All other allegations or implications are denied.

With regard to paragraph 112, this Defendant admits that he was properly trained and supervised and performed his duties pursuant to the policies of the Knox County Sheriff's Department at all times relevant. All other allegations or implications are denied.

19

With regard to paragraph 113, this Defendant denies all allegations made therein.

With regard to paragraph 114, this Defendant denies all allegations made therein.

With regard to paragraph 115, this Defendant denies all allegations made therein.

With regard to paragraph 116, this Defendant denies all allegations made therein.

With regard to paragraph 117, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5) such are deemed denied.

With regard to paragraph 118 and Count III of the complaint, This Defendant adopts by reference as if incorporated verbatim all grounds for dismissal, averments, and denials as well as affirmative defenses set out herein.

With regard to paragraph 119, this Defendant denies all allegations made therein.

With regard to paragraph 120, this Defendant denies all allegations made therein.

With regard to paragraph 121, this Defendant denies all allegations made therein.

With regard to paragraph 122, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5) such are deemed denied.

With regard to paragraph 123 and Count IV of the complaint, this Defendant adopts by reference as if incorporated verbatim all grounds for dismissal, averments, and denials as well as affirmative defenses set out herein.

With regard to paragraph 124, this Defendant denies all allegations made therein.

With regard to paragraph 125, this Defendant denies all allegations made therein.

With regard to paragraph 126, this Defendant denies all allegations made therein.

With regard to paragraph 127, this Defendant denies all allegations made therein.

With regard to paragraph 128, this Defendant denies all allegations made therein.

With regard to paragraph 129, this Defendant denies all allegations made therein.

With regard to paragraph 130, this Defendant denies all allegations made therein.

With regard to paragraph 131, this Defendant denies all allegations made therein.

With regard to paragraph 132, this Defendant denies all allegations made therein.

With regard to paragraph 133, this Defendant denies all allegations made therein.

With regard to paragraph 134, this Defendant denies all allegations made therein.

With regard to paragraph 135, this Defendant denies all allegations made therein.

With regard to paragraph 136, this Defendant denies all allegations made therein.

With regard to paragraph 137, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and in accordance with Fed. R. Civ. P. Rule 8 (b) (5) such are deemed denied.

With regard to paragraph 138 and Count V of the complaint, this Defendant adopts by reference as if incorporated verbatim all grounds for dismissal, averments, and denials as well as affirmative defenses set out herein.

With regard to paragraph 139 this Defendant admits that at all times relevant he was a deputy sheriff acting within the course of scope of his employment of the Knox County Sheriff's Department. All other allegations made in therein are denied.

With regard to paragraph 140, this Defendant denies all allegations made therein.

This Defendant denies all allegations made in the complaint including the prayer for relief unless specifically admitted above.

## TENTH DEFENSE

The accident as well as Decedent's injuries and death were the direct or proximate cause of his intentional acts. Such intentional acts are a bar in whole or in part against recovery of damages or other relief by the Estate.

## ELEVENTH DEFENSE

The accident as well as Decedent's injuries and death were the direct or proximate result of his comply with statutes governing all terrain vehicles including but

22

not limited to KRS 189.005 *et seq.* Such failure constitutes negligence *per se* and acts as a bar in whole or in part against recovery of damages or other relief by the Estate.

### TWELFTH DEFENSE

The accident as well as Decedent's injuries and death are the direct or proximate cause of Decedent's own negligence. Such negligence acts as a bar in whole or in part against recovery of damages or other relief by the Estate.

### THIRTEENTH DEFENSE

The accident, as well as Decedent's injuries and death may have been the direct or proximate result of the acts or negligence of some third person or persons. Such alternative causes act as a bar in whole or in part against recovery of damages or other relief by the Estate.

### FOURTEENTH DEFENSE

The accident, as well as Decedent's injuries and death may have been the direct or proximate cause of some superseding or intervening cause. Such alternative causes act as a bar in whole or in part against recovery of damages or other relief by the Estate.

### FIFTEENTH DEFENSE

Defendant's actions were objectively reasonable and based upon probable cause. Nor was he deliberately indifferent to the rights of others. Such affirmative defenses act as a bar in whole or in part against recovery of damages or other relief by the Estate.

### SIXTEENTH DEFENSE

Defendant acted within the scope of his privileges as a police officer to protect himself and others as established both by statute and by common law. The same rights of self defense and justifiable defense inure to him as an individual. Such lawful authority includes but is not limited to KRS 503.010 *et seq.* as well as state and federal common law. Such affirmative defenses acts as a bar in whole or in part against recovery of damages or other relief by the Estate.

### SEVENTEENTH DEFENSE

Defendant's actions were performed within the scope of his employment as a peace officer and he is entitled to the protections of sovereign and qualified immunity. Such affirmative defenses act as a bar in whole or in part against recovery of damages or other relief by the Estate.

### EIGHTEENTH DEFENSE

This Defendant did not act recklessly or with deliberate indifference and took steps to mitigate any risks. Such affirmative defenses act as a bar in whole or in part against recovery of damages or other relief by the Estate.

### NINETEENTH DEFENSE

With regard to the Estate's claim for punitive damages, these Defendants will rely upon the affirmative defenses of lack of malice, lack of scienture, good faith and privilege. Such affirmative defenses act as a bar in whole or in part against recovery of damages or other relief by the Estate.

## TWENTIETH DEFENSE

In failing to wear protective head gear or any other safety devices, the Decedent failed to mitigate the risk of injury or other damages. Such an affirmative defense will act as a bar in whole or in part against recovery of damages or other relief by the Estate.

## TWENTY FIRST DEFENSE

These Defendants will rely on any other applicable defenses allowed under Fed. R. Civ. P. (8) which may become apparent during the course of discovery. Such affirmative defenses will act as a bar in whole or part against recovery of damages or other relief by the Estate.

## TWENTY-SECOND DEFENSE

This Defendant adopts by reference as if incorporated verbatim, all grounds for dismissal, averments and denials as well as affirmative defenses asserted by co-Defendants Knox County and Sheriff Smith.

## PRAYER FOR RELIEF

WHEREFORE, these Defendants pray for the following relief:

1.      The complaint [Doc # 1] as well as all allegations or claims that have or could have been asserted against Defendant Ashurst be dismissed with prejudice and the Estate take nothing thereby.

2.      In the alternative, a trial by jury be had as to all issues of fact relevant to liability of damages, claim of constitutional violation or form of relief.

3.      This Defendant be awarded his billable costs as well as reasonable attorney's fees.

4.    This Defendants recover any and all other relief to which he may be entitled.

/s/ John F. Kelley, Jr.
Counsel for Defendants

John F. Kelley, Jr., Esq. (KBA # 38035)
Jason E. Williams, Esq. (KBA #85092)
Williams & Towe Law Group, PLLC
303 South Main Street
London, Kentucky 40741
606.877.5291
john@wftlaw.com
jason@wftlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the original of the foregoing was electronically filed with the Clerk of the Untied States District Court in accordance with the procedures promulgated under the CM/ECF system.

I further certify that a courtesy copy of the foregoing will be issued via email and/or first class mail postage prepaid to the following:

Amy Robinson Staples, Esq.- Attorney at law
Evy & Loevy
18 Village Plaza-  PMB
181 Shelbyville, Kentucky 40065
amy@ovloevy.com

Elliot Slozar, Esq.
Michael Canovitz, Esq.
Kathryn Montenegro- Attorney at Law
Lovey & Lovey
311 North Aberdeen- Second Floor
Chicago, IL 60607
elliot@lovey.com
mike@lovey.com
katiem@lovey.com

Lyndol Scott Miller, Esq.
L. S. Miller Law, PLLC.
333 West Vine Street- suite 1720
Lexington, Kentucky 40507
Lsmiller@lsmlaw.com

All on this the 6th day of July 2026.

/s/ John F. Kelley, Jr.
Counsel for Defendants