**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**LONDON**

| | | |
|---|---|---|
| MACKENZIE EADS and JERRY STEWART | ) | |
| | ) | CIVIL NO.: 6:26-CV-00130-CHB-HAI |
| Plaintiffs, | ) | |
| | ) | |
| | ) | |
| | ) | **JOINT REPORT ON RULE 26(f)** |
| v. | ) | **MEETING AND DISCOVERY PLAN** |
| | ) | |
| KNOX COUNTY, *ET. AL.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

1. The following attorneys participated in a Rule 26(f) conference on **July 21, 2026**, which was conducted via telephone:

    a.  Attorney Amy Robinson Staples, on behalf of Plaintiffs, Mackenzie Eads and Jerry Stewart.

    b.  Attorney Katie Montenegro, on behalf of Plaintiffs, Mackenzie Eads and Jerry Stewart.

    c.  Attorney Brittany O'Neil, on behalf of Defendants Knox County and Knox County Sheriff Mike Smith, in his individual capacity.

    d.  Attorney John F. Kelley, Jr., on behalf of Defendant John Michael "Mickey" Ashurst, in his individual capacity.

1

2. **Initial Disclosures**. The parties have discussed Initial Disclosures and agree to follow up in writing with their finalized disclosures required by Rule 26(a)(1) on or before **August 11, 2026**.

3. **Discovery Plan.** The parties propose this discovery plan:

   a. This case concerns a civil rights action brought by Plaintiffs Mackenzie Eads and Jerry Stewart against Defendants Knox County, Knox County Sheriff Mike Smith, in his individual capacity, and Knox County Sheriff's Deputy Michael "Mikey" Ashurst, in his individual capacity. It involves the following claims by both Plaintiffs: Count I, an allegation of Fourth Amendment – Excessive Force under 42 U.S.C. § 1983 against Defendant Ashurst; Count II, an allegation of a *Monell* Claim under 42 U.S.C. § 1983 against Defendant Knox County; Count III, an allegation of negligent supervision and training under 42 U.S.C. § 1983 against Defendants Smith and Knox County; an allegation of Wrongful Death by Plaintiff Eads against all Defendants (Count IV, mislabeled as "Count III" in Eads' Complaint); an allegation of State-Law Negligent Hiring against Defendant Smith and Knox County (Eads Count V, mislabeled as "Count IV", Stewart Count IV),; an allegation by Stewart of State-Law Assault and Battery (Count V), an allegation by Stewart of State-Law Negligence (Count VI), and an allegation of *Respondeat Superior* against Defendant Knox County (Eads Count VI, mislabeled as "Count V," Stewart Count VII). The parties anticipate discovery will be needed on these subjects: the facts alleged in the Complaint, liability, causations, Plaintiff's alleged damages, and Defendants' affirmative defenses. The parties do not believe discovery needs to be conducted in phases or initially limited to particular issues.

2

b.  Disclosure and discovery of electronically stored information (ESI) will be handled as follows: to the extent any ESI exists, the parties will work cooperatively to exchange ESI in commonly used formats such as PDF, Word, or JPEG. To the extent any issues arise regarding the scope of ESI sought or the format of its production, the parties will work together in good faith to resolve such issues. If necessary, the parties will propose a joint ESI protocol to the Court.

c.  The parties do not propose any limits on the number of written discovery requests or the number or length of depositions other than those contained in the Federal Rule of Civil Procedure. The parties agree to resolve any discovery disputes in good faith before seeking judicial intervention.

d.  The parties are not aware of any other order that the Court should issue under Rule 26(c) or under Rule 16(b) and (c).

4.  **Scheduling.** The parties propose the following deadlines:

a.  All motions for leave to amend the pleadings or join additional parties shall be filed on or before **November 30, 2026**.

b.  Non-expert witness discovery shall be completed by **March 29, 2027**.

c.  Plaintiff will disclose the identity and reports of any expert witness(es) anticipated to give trial testimony no later than **May 10, 2027.**

d.  Defendant will disclose the identity and reports of any expert witness(es) anticipated to give trial testimony no later than **June 24, 2027**.

e.  Expert witness discovery shall be completed on or before **August 9, 2027**.

f.  Proposed dispositive motion schedule:

3

    i.    Dispositive and Daubert motions shall be filed on or before **October 8, 2027**.

    ii.    Responses to dispositive and Daubert motions shall be filed on or before **December 7, 2027.**

    iii.    Replies in support of dispositive and Daubert motions shall be filed on or before **December 21, 2027.**

    iv.    Per the Court's 7/7/26 Order (Dkt. 16), the basis for the parties' proposed dispositive motion deadline is as follows: although the consolidation of these two civil matters will allow for an efficient use of judicial resources, there remains a need for robust discovery on multiple complex factual and legal issues in both cases, including accident reconstruction, police practices, wrongful death, and medical issues, which the parties anticipate will warrant additional time to complete all necessary discovery.

g.  The parties request a final pre-trial conference approximately three weeks before trial.

h.  The parties request that this matter be set for a jury trial no earlier than **March 2028**. The parties currently anticipate that the trial will take no longer than **ten (10)** trial days and anticipate there will be issues to submit to a jury.

5. **Other Matters:**

a.  The parties are not requesting a scheduling conference.

b.  The parties will file a joint notice requesting a settlement conference should they believe it becomes necessary.

    c.   The parties believe this matter may become suitable for some form of alternative dispute resolution, such as mediation.

    d.   The parties do not consent to the jurisdiction of a magistrate judge.

/s/ *Amy Robinson Staples*
Amy Robinson Staples
LOEVY & LOEVY
18 Village Plaza, PMB 181
Shelbyville, Kentucky 40065
amy@loevy.com
COUNSEL FOR PLAINTIFF

Michael Kanovitz
Elliot Slosar
Kathryn Montenegro
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607
elliot@lovey.com
mike@lovey.com
katiem@lovey.com
(312) 243-5900
Fax: (312) 243-5902
*COUNSEL FOR PLAINTIFF*

/s/ *Brittany O'Neil (with permission)*
L. Scott Miller
J. Tyler Chelf
Emily B. Pence
Brittany O'Neil
L.S. MILLER LAW, PLLC
333 West Vine Street, Suite 1720
Lexington, Kentucky 40507
(859) 456-2244
lsmiller@lsmlaw.com
tchelf@lsmlaw.com
epence@lsmlaw.com
boneil@lsmlaw.com
*COUNSEL FOR DEFENDANTS KNOX COUNTY AND SHERIFF MIKE SMITH*

/s/ *John F. Kelley, Jr. (with permission)*
John F. Kelley, Jr.
Jason E. Williams
WILLIAMS & TOWE LAW GROUP, PLLC
303 South Main Street
London, Kentucky 40741
(606) 877-5291
john@wftlaw.com
jason@wftlaw.com
jason@wftlaw.com
brandy@wftlaw.com
*COUNSEL FOR DEFENDANT KNOX COUNTY SHERIFF'S DEPARTMENT OFFICER JOHN MICHAEL "MIKEY" ASHURST*

**CERTIFICATE OF SERVICE**

I, Amy Robinson Staples, an attorney, hereby certify that on August 5, 2026, I filed the foregoing, via CM/ECF, which served all counsel via electronic service.


s/ Amy Robinson Staples

One of Plaintiff's Attorneys